## UNITED STATES BANKRUPTCY COURT

## DISTRICT OF HAWAII

| | |
|---|---|
| In re | Case No. 08-01709 |
| NICOLE MARIE SNEGOSKY, | Chapter 7 |
| Debtor. | |
| RESEARCH DATA GROUP, INC., | Adv. Pro. No. 09-90013 |
| Plaintiff, | |
| vs. | |
| NICOLE MARIE SNEGOSKY, | |
| Defendant. | Re: Docket No. 2 |

## FINDINGS OF FACT AND CONCLUSIONS OF LAW

The trial of this adversary proceeding was held on June 21, 2010. Gregory Kugle appeared on behalf of the Plaintiff, and Bradley Tamm, Lissa Schults, and Seth Weaver appeared on behalf of the Defendant.

Based on the evidence, the court makes the following:

## FINDINGS OF FACT

1.     Defendant-debtor Nicole Marie Snegosky was an employee of plaintiff Research Data Group, Inc. ("RDG"). Ms. Snegosky quit her job with

RDG and went to work for Zack's Investment Research, Inc. ("Zack's"), a competitor of RDG.

2.      On March 4, 2002, RDG sued Ms. Snegosky and Zack's in the Superior Court of California, County of Contra Costa. The RDG complaint alleged that Ms. Snegosky and Zack's misappropriated RDG's trade secrets and engaged in unfair competition, and that Ms. Snegosky breached her contract with RDG.

3.      In 2005, a sixteen day trial was held in the California Superior Court.

4.      In 2007, the court issued a statement of decision and judgment finding that Ms. Snegosky and Zack's were liable to RDG for misappropriation of trade secrets pursuant to California Trade Secrets Act, Civil Code section 3246, *et. seq*., common law unfair competition, and punitive damages.  The judgment awarded RDG damages and royalties of $560,175.43, punitive damages in the amount of $19,000 and RDG's costs of suit and reasonable attorneys' fees.  The judgment is a final judgment on the merits.

5.      RDG requested an award of attorneys' fees in the amount of $553,581.36 and costs in the amount of $25,662.18.  The California court issued a tentative decision granting RDG's request for attorneys' fees and costs but has not yet entered a final judgment thereon.

6.      Ms. Snegosky appealed the decision and judgment, and RDG filed a

2

cross appeal.

7.      On January 30, 2008, RDG and Zack's entered into a settlement agreement whereby Zack's agreed to pay RDG $705,000 to resolve the judgment and cross appeal.

8.      On April 30, 2008, RDG and Ms. Snegosky executed a settlement agreement that resolved the issue of the judgment and appeal.  Under the settlement, Ms. Snegosky stipulated to the amount of attorneys' fees in the state court's tentative decision.  RDG agreed to file a partial satisfaction of the judgment with the unsatisfied judgment reduced to $350,000 with five percent per annum interest.  Ms. Snegosky agreed to pay that amount in installments.

9.      On July 2, 2008, the California Court of Appeals ordered the dismissal of the appeal.

10.     Before the Snegosky settlement could be carried out, on November 11, 2009, Ms. Snegosky filed a voluntary chapter 7 petition in this court.

11.     In this adversary proceeding, RDG argues its claims against Ms. Snegosky are nondischargeable under 11 U.S.C. § 523(a)(4) and (6) and that the state court's findings and judgment establish all of the elements of nondischargeability.

U.S. Bankruptcy Court - Hawaii   #09-90013   Dkt # 49   Filed  06/29/10   Page 3 of 10

# CONCLUSIONS OF LAW

1.     This court has jurisdiction over this adversary proceeding, which is a core proceeding in bankruptcy.  28 U.S.C. § 157 (b)(2)(I).  Venue is proper.

## A.     Preclusion

2.     Based on the findings in state court, RDG argues that Ms. Snegosky's debt is non-dischargeable under 11 U.S.C. §523(a)(4) and (6).

3.     The principles of collateral estoppel (now usually called issue preclusion) apply in bankruptcy proceedings concerning nondischargeability. Grogan v. Garner, 498 U.S. 279, 284 n.11 (1991).

4.     The law of the state that renders a judgment governs its preclusive effect.  Ormsby v. First Am. Title Co. (In re Ormsby), 591 F.3d 1199, 1205 (9th Cir. 2010).  The judgment was issued in the California Superior Court, so California law governs the question of preclusion in this case.

5.     Under California law, issue preclusion is applied if five requirements are met: "First, the issue sought to be precluded from relitigation must be identical to that decided in a former proceeding.  Second, this issue must have been actually litigated in the former proceeding.  Third, it must have been necessarily decided in the former proceeding.  Fourth, the decision in the former proceeding must be final and on the merits.  Finally, the party against whom preclusion is sought must be

4

the same as, or in privity with, the party to the former proceeding." <u>Harmon v.</u> <u>Kobrin</u> (In re Harmon), 250 F.3d 1240, 1245 (9th Cir. 2001).

6.    The second through fifth requirements are met.  A trial was held in California state court in which Ms. Snegosky was an active participant and in which all relevant issues were actually litigated.  All of the state court's findings that are relevant to nondischargeability were also necessary for the state court to decide the claims before it.  The California state court's judgment is final and was rendered on the merits.  Ms. Snegosky was a defendant in the California State Court proceeding and is the defendant-debtor in this adversary proceeding.

7.    The remaining issue is whether the elements in 11 U.S.C. §523(a)(4) and (6) are the same as the issues decided by the California state court.

**B.    Section 523 (a)(4)**

8.    Section 523(a)(4) prevents discharge of debts "for fraud or defalcation while acting in a fiduciary capacity, embezzlement, or larceny."  11 U.S.C. § 523(a)(4).  Embezzlement involves three elements: "(1) property rightfully in the possession of a nonowner; (2) nonowner's appropriation of the property to a use other than which [it] was entrusted; and (3) circumstances indicating fraud." <u>In re</u> <u>Littleton</u>, 942 F.2d 551, 555 (9th Cir. 1991), quoting <u>In re Hoffman</u>, 70 Bankr. 155, 162 (Bankr. W.D. Ark. 1986).  The elements of larceny are the same as

5

embezzlement except that the initial possession of the property was wrongful. Ormsby, 591 F.3d at 1205.

9.     Under California state law, misappropriation is defined as the improper acquisition of a trade secret or "disclosure or use of a trade secret of another without express or implied consent by a person who used improper means to acquire knowledge of the trade secret."  Cal. Civ. Code §§ 3426.1(b) (1) and (2) (Deering 2010).  The California Business and Professions Code defines unfair competition as "any unlawful, unfair or fraudulent business act or practice. . .."  Bus. & Prof. §17200 (Deering 2010).

10.    The state court found that Ms. Snegosky appropriated RDG's property.  While she still worked for RDG, she collected copies of RDG's order forms and used them to create a rolodex containing information about RDG's customers.  After she quit her job at RDG, she accessed RDG's customer database from home in order to collect information on clients assigned to one of her RDG colleagues.  These findings satisfy the first elements of both embezzlement and larceny.

11.    RDG entrusted the information to Ms. Snegosky so that Ms. Snegosky could sell RDG's products and services.  Instead, she used the information she took from RDG's database to solicit RDG's customers after she went to work for

6

Zack's. These findings satisfy the second elements of both embezzlement and larceny.

12. The state court's findings make clear that Ms. Snegosky acted with fraudulent intent. She admitted that she knew that what she did was wrong. She tried to cover her tracks in many ways. She lied to RDG and gave false testimony. <u>Ormsby</u>, 591 F.3d at 1206.

13. The state court's findings establish that Ms. Snegosky committed larceny and embezzlement within the meaning of section 523(a)(4). Therefore, her debt to RDG cannot be discharged.

**C.     Section 523 (a)(6)**

14. In order to establish "willful and malicious injury" under §523(a)(6), RDG has the burden of proving both "willful" and "malicious" injury. The malicious injury requirement is separate from the willful injury requirement. <u>Albarran v. New Form, Inc.</u> (In re Barboza), 545 F.3d 702, 706 (9th Cir. 2008).

15. "A 'willful' injury is a deliberate or intentional injury, not merely a deliberate or intentional act that leads to injury." <u>Id</u>. (quoting <u>Kawaauhau v. Geiger</u>, 523 U.S. 57, 61 (1998)). Injury caused by recklessness or negligence does not constitute "willful injury." <u>Geiger</u>, 523 U.S. at 60. The injury itself must be "deliberate or intentional." <u>Id</u>. The willful injury requirement is met when the

7

debtor has a subjective intent to inflict injury or believes the injury is substantially certain to result from the conduct.

16. The state court's findings leave no room to doubt that Ms. Snegosky knew that her actions would harm or were likely to harm RDG. She deliberately misappropriated confidential information from RDG to solicit clients and sales for Zack's. She admitted that she knew this was wrong. She must have known that her actions would harm RDG.

17. A "malicious act" is (1) a wrongful act, (2) done intentionally, (3) which necessarily causes injury, and (4) is done without just cause or excuse. Albarran, 545 F.3d at 706. "Malice may be inferred from the nature of the wrongful act" if it is first established that the act was willful. Ormsby, 591 F.3d at 1207.

18. Ms. Snegosky admitted that her conduct was wrong. She acted intentionally. Her actions necessarily injured RDG. She never asserted any cause or excuse for her conduct.

19. The state court's findings establish that Ms. Snegosky's conduct was both willful and malicious within the meaning of section 523(a)(6).

**D.   The Settlement Agreement**

20. The settlement agreement between Ms. Snegosky and RDG does not

8

change the fact that her debt to RDG is nondischargeable.   The settlement agreement "may have worked a kind of novation, but that fact does not bar [RDG] from showing that the settlement debt . . ." is nondischargeable.  Archer v. Warner, 538 U.S. 314, 323 (2003).

### E.    Amount of Debt

21.    The state court has entered judgment for actual and punitive damages and has tentatively determined the award of attorneys' fees and costs to RDG, but has not yet entered final judgment for the fees and costs.

22.    Ms. Snegosky argues that this court should determine that Zack's has paid the full amount of the judgment except for $19,000 of punitive damages awarded against Ms. Snegosky only and should discharge all of RDG's other claims against Ms. Snegosky, including the attorneys' fees and costs that the state court has not yet reduced to judgment.

23.    Although the record in this case includes the settlement agreement under which Zack's promised to pay the judgment (except for the punitive damages), there is no evidence to establish whether Zack's carried out that obligation.  If there is a dispute about the extent to which the judgment is unpaid, the California state court is better situated than this court to decide it.

24.    Ms. Snegosky's argument for discharge of the attorneys' fees and

9

costs is that it has taken a long time to decide the case in state court and she should be allowed to get on with her life.  The lapse of time, however, does not render dischargeable a debt which sections 523(a)(4) and (6) declare nondischargeable.

A separate final judgment will enter determining that all claims asserted by RDG against Ms. Snegosky in the California state court litigation are not dischargeable in bankruptcy.

/s/ Robert J. Faris
**United States Bankruptcy Judge**
Dated: **06/29/2010**

10